UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TELMA I. DEPINA,<br>      Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner for the Social Security<br>Administration<br>      Defendant. | )<br>)<br>)<br>)   Civil Action No.<br>)   16-12042-IT<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**TALWANI, D.J.**

This action was dismissed on August 11, 2017, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Now before the court is Plaintiff's motion to reopen the case. For the following reasons, Plaintiff's motion is denied.

## BACKGROUND

On October 7, 2016, Plaintiff filed this *pro se* action seeking judicial review of the adverse administrative decision concerning her benefits application. *See* Complaint, Docket No. 1. Her motion for leave to proceed *in forma pauperis* was allowed on October 13, 2016, and the Clerk issued summons for service. *See* Order, Docket No. 7. Over five months later, when no proof of service was filed as required by Fed. R. Civ. P. 4(1)(1), the court issued an order to show cause by April 11, 2017, why the case should not be dismissed for failure to serve pursuant to Fed. R. Civ. P. 4(m). *See* Order to Show Cause, Docket No. 11. A response was filed by Plaintiff on April 11, 2017, requesting an extension deadline. *See* Response, Docket No. 13.

On April 25, 2017, the court granted an extension of time and ordered Plaintiff, by June 23, 2017, to serve the Defendant and file returns of service with the Court in accordance with

Rule 4 of the Federal Rules of Civil Procedure. *See* Order, Docket No. 14. The order explained that the time for service was extended as a courtesy "for one final 60 day period." *Id.* The order further explained that if she elected to have the United States Marshal Service effect service on the Defendant, she must provide the United States Marshal Service with all necessary paperwork. *Id.* Finally, the order cautioned that the action will be dismissed if Plaintiff "does not properly serve Defendant." *Id.*

On June 23, 2017, the deadline for effecting service, Plaintiff filed a request for extension of time. *See* Motion, Docket No. 16. In the motion, Plaintiff explains that on June 23, 2017, she "went to the U.S. Marshal Office [and was told to] request for an extension." *Id.* Plaintiff states that she then "came to the District Court to bring additional medical paperwork." *Id.* Plaintiff states that she had "received the form USM-285 to serve defendant" but that she believed "that defendant was already notified of this case [and that Plaintiff] didn't know [that she] need[ed] to serve them since this [is] a prior case." *Id.*

On July 12, 2017, the court granted Plaintiff "a final three-week window to have the complaint served by the U.S. Marshals Service." *See* Order, Docket No. 18. The Order was sent to Plaintiff with a copy of the April 25, 2017, order which provided further explanation regarding service requirements. *Id*

When no proof of service was filed, the court, on August 11, 2017, entered an order of dismissal pursuant to Fed. R. Civ. P. 4(m) for failure to timely serve the Defendant. *See* Order, Docket No. 20. The order stated that the court had twice extended the deadline for Plaintiff to serve the Defendant. *Id.*

Plaintiff now seeks to reopen the case. *See* Motion to Reopen, Docket No. 22. Among

other things, Plaintiff states that she "didn't know [that she is] responsible to get a receipt that defendant [has] been served." *Id.*

## ANALYSIS

The court construes Plaintiff's motion to reopen as one for reconsideration. A court's reconsideration of a decision is "an extraordinary remedy which should be used sparingly." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006). "[S]imple disagreement with the court's decision is not a basis for reconsideration." *Ofori v. Ruby Tuesday, Inc.*, 205 Fed. Appx. 851, 853 (1st Cir. 2006) (unpublished).

Here, it is almost eleven months since this complaint was originally filed. Since that time, Plaintiff was provided with instructions for service. As to her contention that she didn't know that she was responsible for filing proof of service, the April 25, 2017 Order directed her to serve the Defendant and file returns of service with this Court. Plaintiff was provided ample warning that her case would be dismissed if she did not properly serve the Defendant. Plaintiff does not contest the Court's finding that she failed to timely serve her complaint and she fails to plead circumstances that would provide a basis for reopening. Given these circumstances, Plaintiff's motion will be denied.

## ORDER

Based upon the foregoing, it is hereby ORDERED that:

1.  The motion (Docket No. 22) to reopen is DENIED; and

2.  The prior dismissal of this case remains in effect, and this action remains

CLOSED.

**So ordered.**

 /s/ Indira Talwani  
Indira Talwani  
United States District Judge

Dated: August 24, 2017